**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**PATRICK LOREN LUCERO**                                                                **PLAINTIFF**

**V.**                          **CASE NO. 4:18-CV-80-JM-BD**

**CLAYTON EDWARDS, et al.**                                                           **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.     Discussion**

A.  Background

Patrick Loren Lucero, an inmate at the White County Detention Center ("Detention Center"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Lucero alleges that he was denied access to the law library at the Detention Center, resulting in his receiving a seventeen-year sentence in the

Arkansas Department of Correction, rather than receiving the presumptive sentence of ten years. (#2 at p.5)

    B.  Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any part of the complaint where the prisoner has raised claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

The First Amendment unquestionably protects an inmate's right to access the courts. *Johnson v. Avery*, 393 U.S. 483, 489-90 (1969). To prevail on a claim for interference with access, however, Mr. Lucero must demonstrate that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007).

Here, Mr. Lucero complains that he received a longer jail sentence in his state-court criminal case because he was denied access to the law library. His claim fails for two reasons. First, the Court has reviewed Mr. Lucero's state-court criminal proceedings, *State v. Lucero*, White County Circuit Court Case No.73CR-17-124.[1] In that case, Mr. Lucero was represented by counsel and pleaded guilty to robbery. In his negotiated plea agreement, he agreed to serve a sentence of 204 months (seventeen years) in the

---

[1] The Court accessed the docket sheet in Mr. Lucero's state-court criminal case by using the public website http://caseinfo.aoc.arkansas.gov.

Arkansas Department of Correction. Because Mr. Lucero was represented by counsel, he "enjoyed 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts,' and any limitation on [Mr. Lucero's] access to the prison library did not deprive him of access to the courts." See, *e.g.*, *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

Second, Mr. Lucero fails to allege that he was denied access to legal materials needed to directly or collaterally attack his sentence. The United States Supreme Court has specifically explained that "[t]he tools [inmates are] to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S.C 343, 355 (1996).

### III. Conclusion

The Court recommends that Mr. Lucero's claims be DISMISSED, without prejudice, based on his failure to state a constitutional claim. The Court also recommends that Judge Moody certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous.

DATED this 21st day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE